# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everett Gregory Casteel,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV 23-01516-PHX-GMS (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Everett Gregory Casteel has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.   SUMMARY OF CONCLUSION**

Petitioner was convicted following a bench trial in Maricopa County Superior Court, case #CR 2007-116559, of two counts of possession of narcotic drugs for sale, and one count of possession of dangerous drugs for sale. In his habeas petition, Petitioner raises one ground for relief: his due process rights were violated by Respondents' incorrect calculation of his sentence. However, the petition is untimely by over 13 years, and Petitioner is not entitled to statutory or equitable tolling. Accordingly, the Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

## II. BACKGROUND

### A. Conviction and Sentencing

On August 21, 2007, Petitioner was found guilty of two counts of possession of narcotic drugs for sale (Counts 1 and 2) and one count of possession of dangerous drugs for sale (Count 3). (Doc. 10-1 at 12; Exh. C.) On October 19, 2007, Petitioner was sentenced to three concurrent 15.75-year terms, to be served consecutively to a 2.5-year term for a probation violation in a separate case. (Doc. 10-1 at 16, 21; Exhs. D, E.)

### B. Direct Appeal

On April 22, 2008, Petitioner filed an opening brief in the Arizona Court of Appeals raising three claims. (Doc. 10-1 at 25-45; Exh. G.) On October 23, 2008, the court issued a Memorandum Decision affirming Petitioner's convictions and sentences. (Doc. 10-2 at 57-67; Exh. J); *State v. Casteel*, 2008 WL 4814482, at *1 (Ariz. Ct. App. 2008). Petitioner did not appeal to the Arizona Supreme Court. (Doc. 10-3 at 83-90; Exh. EE.)

### C. Post-Conviction Relief Proceedings

On February 10, 2020, Petitioner filed a motion for presentence credit, challenging his sentence. (Doc. 10-2 at 69; Exh. K.) On December 14, 2021, the PCR court rejected the February motion and a subsequent motion because there was no proof that Petitioner served copies on the State. (Doc. 10-2 at 72, 74; Exhs. L, M.) Petitioner filed numerous other PCR motions over the following three years challenging his sentence; however, all were denied. (Doc. 10-2 at 76, 86, 90; Doc. 10-3 at 2, 9; Exhs. N, P, R, S, U.)

Petitioner did not seek review of the denial of any of his motions in the Arizona Court of Appeals. (Doc. 10-3 at 83-90; Exh. EE.)

## III. PETITION FOR WRIT OF HABEAS CORPUS

On July 31, 2023, Petitioner initiated habeas corpus proceedings pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner raises one ground for relief. (*Id.* at 2.) In Ground One, Petitioner alleges his due process rights were violated by Respondents' incorrect calculation of his sentence. (*Id.*)

On March 1, 2024, Respondents filed a Limited Answer. (Doc. 10.) On April 1,

2024, Petitioner filed a Reply. (Doc. 11.)

## IV. STATUTE OF LIMITATIONS

### A. Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run, for purposes relevant here from "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The term "factual predicate" in 28 U.S.C. § 2244(d)(1)(D) refers to the facts underlying the claim, not the legal significance of those facts. *Hasan v. Galanza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (petitioner need not "understand the legal significance" of the facts, rather than "simply the facts themselves," before the "due diligence (and hence the limitations) clock start[s] ticking").

On October 19, 2007, Petitioner was present for his sentencing hearing during which the facts underlying his claims became apparent. (Doc. 10-1 at 16, 21; Exhs. D, E.) Petitioner was sentenced to three concurrent 15.75-year terms, to be served consecutively to a 2.5-year term for a probation violation in a separate case. (*Id.*) Petitioner appealed, raising three issues unrelated to any time miscalculation (Doc. 10-1 at 25-45; Exh G), and on October 23, 2008, the court issued a Memorandum Decision affirming Petitioner's convictions and sentences. (Doc. 10-2 at 57-67; Exh. J.) Petitioner's direct appeal, therefore concluded on November 22, 2008, after the expiration of the 30-day period to file a petition for review to the Arizona Supreme Court. Ariz. R. Crim. P. 31.21(b)(2)(A). The habeas petition was due one year later, November 23, 2009. Having filed his habeas petition on July 31, 2023, Petitioner was untimely by over 13 years, absent statutory or equitable tolling.

However, Petitioner argues he "could not in the exercise of due diligence … discovered that his release date is a date other than his release date of [September 7, 2022]." (Doc. 1 at 11.) Petitioner's argument implies that he discovered the factual predicate of his claim on September 7, 2022, and that is when the one-year statute of limitations of AEDPA should commence. Additionally, Petitioner claims that under Ariz. Rev. Stat. § 13-116, he

should not be serving a flat-time sentence, that *all* 4 of his sentences should have been concurrent, and the maximum sentence he could have received was 10 years. *Id.* However, this claim presents a non-cognizable issue of state law. [1]

The Court finds Petitioner's argument for when he discovered the factual predicate of his claim unpersuasive. At his sentencing hearing on October 19, 2007, Petitioner learned the factual predicate of any potential sentence miscalculation (i.e., the Arizona statutes that he was sentenced under, the sentence calculations, and a calculatable date of release). (Doc 10-1 at 16, 21; Exhs. D, E.) Petitioner's new claim of a potential sentence miscalculation is a newly discovered legal theory, not a newly discovered factual predicate. While it is true Petitioner may have discovered this new legal theory on September 7, 2022, the discovery of a new legal theory is not what starts AEDPA's one-year statute of limitations. The discovery of the factual predicate *underlying* the theory starts AEDPA's one-year statute of limitations. Here, the Court finds the factual predicate underlying this sentence miscalculation theory was discoverable on October 19, 2007, at Petitioner's sentencing hearing. *See Hasan*, 254 F.3d at 1154 n.3; *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting prisoner's assertion that the one-year period begins when he "*actually understands* what legal theories are available") (emphasis in original). *See also McCutcheon v. Arizona*, 2016 WL 8257606, at *4 (D. Ariz. 2016), *report and recommendation adopted*, 2017 WL 610480 (D. Ariz. 2017) (dismissing a habeas corpus petition as untimely because arguing for a "different interpretation of Arizona law" is not "a newly discovered factual predicate" in accordance with 28 U.S.C. § 2244(d)(1)(D)); *Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012) ("We have interpreted § 2244(d)(1)(D)'s reference to the phrase 'factual predicate' to mean 'evidentiary facts or

---

[1] Petitioner asserts that his sentence is incorrectly calculated under A.R.S. § 13-116, however these issues are a matter of state law. Therefore, Petitioner's claim is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a) (federal courts can grant habeas relief "only on the ground that [petitioner] is in custody in violation of the constitution or the laws or treaties of the United States); s*ee also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

events[,] and not court rulings or legal consequences of the facts.'").

The government argues that Petitioner has known about his claim since February 2020, when Petitioner filed his motion for presentence credit, or alternatively, May 2020 when Petitioner received a letter from prison officials indicating his release date. (Doc. 10 at 7.) However, it is irrelevant to AEDPA's one-year statute of limitations whether Petitioner discovered this new legal theory on either of these dates. The underlying factual predicate of this theory was discoverable on October 19, 2007, at Petitioner's sentencing hearing. Even if the government's argument was correct, Petitioner's habeas petition would still be untimely by over two years.

Finally, while Petitioner did appeal his conviction to the Arizona Court of Appeals, the Court finds the instant claim is unexhausted and not preserved for habeas review because he did not raise the specific claim of a potential sentence miscalculation.[2] (Doc. 10-1 at 25-45; Exh G.)

Therefore, Petitioner's habeas petition is untimely by over 13 years, absent statutory or equitable tolling.

## B.   Statutory Tolling

The one-year limitations period is statutorily tolled for the time period "during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). Additionally, a "state-court petition … that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner's February 2020 motion for presentence credit challenging his sentence

---

[2] Although Petitioner raised the claim of a sentence miscalculation in numerous motions in state court, he never presented the same claim to the Arizona Court of Appeals. Petitioner raised three other issues on appeal: the sufficiency of the evidence, the qualifications of an expert witness, and whether he waived his right to testify. (Doc. 10-1 at 26; Exh. G.) Petitioner did not present the Arizona Court of Appeals with an opportunity to rule on a potential sentence miscalculation. As such, this claim is unexhausted and has not been preserved for habeas review. 28 U.S.C. § 2244(b)(1)(A); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

1  calculation was untimely because AEDPA's statute of limitations had been expired for over
2  10 years by then. Thus, this motion did not toll AEDPA's statute of limitations "because
3  there [was] no period remaining to be tolled." *Webster*, 199 F.3d at 1259. All subsequent
4  motions filed by Petitioner that challenged his sentence fail to toll AEDPA's statute of
5  limitations for the same reason. Therefore, Petitioner is not entitled to statutory tolling.

### C.     Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner does not argue that he is entitled to equitable tolling. In any event, the Court finds Petitioner's lack of diligence evidence that he does not meet the burden of demonstrating extraordinary circumstances that would justify equitable tolling. Petitioner failed to file a motion challenging his sentence miscalculation for over a decade. Additionally, Petitioner neither filed a petition for review in the Arizona Supreme Court on direct appeal, nor sought review of the denial of any of his motions in the Arizona Court of Appeals. (Doc. 10-3 at 83-90; Exh. EE.) Accordingly, the Court finds there is no basis to conclude that Petitioner has been diligent in pursuing his rights. Therefore, Petitioner has failed to meet his burden of demonstrating extraordinary circumstances that would justify equitable tolling.

\\\

\\\

### D. Actual Innocence

There is no miscarriage of justice by precluding Petitioner's untimely habeas petition. To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013).

Petitioner does not claim that he is innocent of the crimes of which he has been convicted. Rather, Petitioner's repeated argument for release stems solely from the claim that his sentence has been incorrectly calculated. Therefore, the Court concludes that there is no miscarriage of justice by precluding Petitioner's untimely habeas petition.

## V. CONCLUSION

Based on the above analysis, the Court finds that Petitioner's habeas petition is untimely by over 13 years, and Petitioner is not entitled to statutory or equitable tolling to excuse the untimely filing.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the amended Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days

1   within which to file a response to the objections.

2       Failure to timely file objections to the Magistrate Judge's Report and
3   Recommendation may result in the acceptance of the Report and Recommendation by the
4   district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
5   1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
6   Magistrate Judge will be considered a waiver of a party's right to appellate review of the
7   findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report
8   and Recommendation. *See* Fed. R. Civ. P. 72.

9       Dated this 28th day of August, 2024.

                                                  Honorable Michael T. Morrissey
                                                  United States Magistrate Judge